# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT L. GREEN, # K71866,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-00587-MJR |
| ) | |
| **DONALD D. GAETZ,** ) | |
| **C/O J. BELFORD,** ) | |
| **JANIS CHANDLER,** ) | |
| **C/O SWALLER,** ) | |
| **C/O FLATT, and** ) | |
| **C/O MCELYEA,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Robert L. Green, currently incarcerated at Pinckneyville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff claims that defendant correctional officers Belford, Swaller, Flatt and McElyea repeatedly strip searched him in open view of others and in plain view of cameras. He also claims that, in retaliation for filing a grievance regarding the strip searches, Dietary Supervisor Chandler issued Plaintiff a false disciplinary ticket, for which he received 15 days in segregation and a one month demotion to C grade—and consequently a loss in pay. Plaintiff prays for declaratory relief, compensatory and punitive damages, and injunctive relief.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

1. **Standard of Review**

In pertinent part, 28 U.S.C. § 1915A, provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## 2. The Complaint

Plaintiff contends that the strip searches violated his rights under the Fourth, Eighth, and Fourteenth Amendments, and violated administrative rules. He brings the retaliation claim under the First Amendment. Because Section 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations, those aspects of Plaintiff's allegations will not be addressed. *See, e.g., Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003).

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: Defendant correctional officers Belford, Swaller, Flatt and McElyea repeatedly strip searched Plaintiff Green in an unreasonable and demeaning manner, in violation of the Fourth, Eighth and Fourteenth Amendments; and**
>
> **Count 2: In retaliation for filing a grievance regarding strip searches, Defendant Dietary Supervisor Chandler issued Plaintiff a false disciplinary ticket, in violation of the First Amendment.**

## 3. Discussion

**Warden Gaetz**

Warden Donald D. Gaetz is named as a defendant, but there are no allegations made against him. Plaintiff specifically excludes Warden Gaetz from the strip search allegations, and Gaetz is not mentioned within the portion of the complaint pertaining to retaliation (*see* Doc. 1, p. 7).

Defendant Gaetz shall be dismissed as a substantive defendant because the doctrine of *respondeat superior* is not applicable to Section 1983 actions. *Sanville v.*

*McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff has not alleged that Warden Gaetz is "personally responsible for the deprivation of a constitutional right." *Id.* Furthermore, insofar as Gaetz approved the discipline meted out or denied Plaintiff's grievances (*see* Doc. 1, pp. 16, 22), the mishandling or denial of a grievance by an official who merely reviews an adverse action, but was not the original decision-maker, does not give rise to liability. *See generally Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson,* 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996).

Because Plaintiff is seeking injunctive relief, Defendant Warden Donald D. Gaetz shall remain in the action. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

**Count 1**

Count 1, alleging that correctional officers Belford, Swaller, Flatt and McElyea repeatedly strip searched Plaintiff Green in an unreasonable and demeaning manner, in violation of the Fourth, Eighth and Fourteenth Amendments, shall proceed. *See Mays v. Springborn*, __F.3d__, 2013 WL 2504964 (7th Cir. June 11, 2013) (protracted, gratuitous and humiliating strip searches can violate the Eighth Amendment); *Bell v. Wolfish*, 441 U.S. 520, 558-60 (1970) (depending upon the circumstances and degree of invasiveness, body searches can violate the Fourth Amendment); *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005) (Eighth Amendment prohibition against cruel and unusual punishment is applicable to the states via the Due Process Clause of the Fourteenth Amendment).[1]

---

[1] Plaintiff does not assert any other claim under the Fourteenth Amendment.

**Count 2**

Count 2 alleges that, in retaliation for filing a grievance regarding strip searches, Defendant Dietary Supervisor Chandler issued Plaintiff a false disciplinary ticket, in violation of the First Amendment. This claim states a viable First Amendment, which is not barred by *Heck v. Humphrey,* 512 U.S. 477, 487 (1994), because Plaintiff did not lose good conduct credits. *See Muhammad v. Close*, 540 U.S. 749, 751 (2004); *Simpson v. Nickel*, 450 F.3d 303, 307 (7th Cir. 2006).

**Severance**

Although Counts 1 and 2 both state colorable claims, they cannot proceed together in the same action.

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George,* 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)). Plaintiff's complaint contains two unrelated claims against different defendants: the claims in Count 1 against correctional officers Belford, Swaller, Flatt and McElyea regarding the strip searches; and the retaliation claim in Count 2 against Dietary Supervisor Chandler. The only similarity or link between the two claims is the subject of the grievance that prompted Chandler's alleged retaliation, but the subject of the grievance is irrelevant to liability for retaliation.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court shall sever Count 2 of Plaintiff's complaint, and shall open a new case with a newly-assigned case number for that claim. However, Plaintiff shall have an opportunity to voluntarily

dismiss the newly severed case if he does not wish to proceed on those claims or incur the additional filing fee.

### 4. Pending Motions

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Stephen C. Williams for further consideration.

Because Plaintiff has been granted pauper status (Doc. 7), Plaintiff's motion for service of process at government expense (Doc. 4) shall be granted. *See* 28 U.S.C. § 1915(d),

### 5. Disposition

**IT IS HEREBY ORDERED** that all substantive claims against Defendant **DONALD D. GAETZ** are **DISMISSED** from this action without prejudice; **GAETZ** shall remain in this action for purposes of injunctive relief.

**IT IS FURTHER ORDERED** that Plaintiff's retaliation claim (**COUNT 2**), which is unrelated to the strip search claims in Count 1, are **SEVERED** into a new case. That new case presents the following claim:

> **In retaliation for filing a grievance regarding strip searches, Defendant Dietary Supervisor Chandler issued Plaintiff a false disciplinary ticket, in violation of the First Amendment.**

The new case **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings. In the new case, the Clerk is **DIRECTED** to file the following documents:

(1) This Memorandum and Order
(2) The Original Complaint (Doc. 1)
(3) Plaintiff's motion to proceed *in forma pauperis* (Doc. 2)
(4) The Order granting pauper status (Doc. 7)
(5) The motion for recruitment of counsel (Doc. 3)

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with the newly-opened case, he must notify the Court in writing on or before August 12, 2013. Unless

Plaintiff notifies the Court that he does not wish to pursue the newly opened action, he **will be responsible for an additional $350.00 filing fee** in the new case. Service shall not be ordered on Defendant Chandler until after the deadline for Plaintiff's response.

**IT IS FURTHER ORDERED** that the **only claim remaining in this action is COUNT 1 against Defendants Belford, Swaller, Flatt and McElyea**, for repeatedly strip searching Plaintiff Green in an unreasonable and demeaning manner, in violation of the Fourth, Eighth and Fourteenth Amendments. This case shall now be captioned as: **Robert L. Green, Plaintiff, vs. C/O J. Belford, C/O Swaller, C/O Flatt and C/O McElyea, Defendants.**

**IT IS FURTHER ORDERED** that Defendant **JANIS CHANDLER** is **TERMINATED** from *this* action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for service of process at government expense (Doc. 4) is **GRANTED**. The Clerk of Court shall prepare for Defendants **BELFORD, SWALLER, FLATT** and **MCELYEA**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used

only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or

give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SOO ORDERED.**

**DATED: July 12, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**