IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT L. GREEN, # K71866,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-00674-MJR |
| ) | |
| **JANIS CHANDLER,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

In *Green v. Gatez*, Case No. 13-587-MJR (S.D.Ill. June 19, 2013), Plaintiff Robert L. Green, an inmate in Pinckneyville Correctional Center, brought suit for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), a claim was severed from that initial action to form the basis for this action, Case No. 13-cv-674-MJR, consisting of a single claim:

> **Count 1:** In retaliation for filing a grievance regarding strip searches, Defendant Dietary Supervisor Chandler issued Plaintiff a false disciplinary ticket, in violation of the First Amendment.

Plaintiff was given an opportunity to opt out of the severed case and avoid paying a second filing fee. Plaintiff Green did not opt out by the prescribed deadline; therefore this action shall proceed. The Court has already conducted a preliminary review of the claim pursuant to 28 U.S.C. § 1915A, concluding that it states a colorable First Amendment claim.

Plaintiff has since filed an Amended Statement (Doc. 9) and Amended Supplemental Affidavit (Doc. 11). If Plaintiff is intending to amend the complaint, he must file a motion for leave to do so, and submit a proposed amended complaint containing all allegations he intends to pursue in a single document. *See* Local Rule 15.1. Furthermore, documentation,

affidavits, and the like, in support of the initial complaint (Doc. 2) need not be filed at this juncture, as there are no pending motions pending requiring the submission of supporting documentation (such as a motion for summary judgment).  Therefore, Plaintiff's Amended Statement (Doc. 9) and Amended Supplemental Affidavit (Doc. 11) shall be stricken from the record.

### Pending Motions

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3) shall be granted by separate order, consistent with the order at Doc. 5.   Thus, a filing fee will be collected for this action, separate and district from the fee being collected for Case No. 13-cv-587-MJR.

Plaintiff's motion for recruitment of counsel (Doc. 4) shall be referred to United States Magistrate Judge Stephen C. Williams for further consideration.

Plaintiff's Motion for Status (Doc. 12) shall be denied as moot.  This Order reflects the current status of this case.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** against Defendant **JANIS CHANDLER** shall proceed.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Statement (Doc. 9) and Amended Supplemental Affidavit (Doc. 11) is **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Status (Doc. 12) is **DENIED AS MOOT**.

The Clerk of Court shall prepare for Defendant **JANIS CHANDLER**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint,

and this Memorandum and Order to Defendant Chandler's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant Chandler is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings, including consideration of Plaintiff's motion for recruitment of counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to United States Magistrate

Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: November 4, 2013

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
UNITED STATES DISTRICT JUDGE