IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT L. GREEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 13–cv–0674–MJR–SCW ) |
| JANIS CHANDLER, | ) ) |
| Defendant. | ) |

ORDER

REAGAN, Chief Judge:

Pursuant to *George v. Smith*, this § 1983 civil rights lawsuit was severed from *Green v. Gaetz*, No. 13–cv–0587. The underlying Complaint was originally filed on June 19, 2013. In the instant case, *pro se* Plaintiff Robert Green—at the time an inmate at the Illinois Department of Corrections' ("IDOC's") Pinckneyville Correctional Center—alleges that Defendant Janis Chandler, Pinckneyville's dietary supervisor, retaliated against him in for filing an administrative grievance against several correctional officers.[1] The purported retaliation took the form of a false disciplinary report in April 2012.

The case comes before the Court on a Report & Recommendation ("R&R") filed by Magistrate Judge Stephen C. Williams pursuant to 28 U.S.C.

---

[1] The grievance against those officers roughly tracks the allegations in *Green v. Gaetz*, where Plaintiff alleged he was repeatedly strip searched in an unreasonable and demeaning manner, in violation of the Fourth, Eighth, and Fourteenth Amendments. This Memorandum & Order should in no way be read as controlling in Case No. 13–cv–0587.

1

§§ 636(b)(1)(B) and (c). The R&R addresses Defendant's motion for summary judgment based on an argument that Plaintiff did not, as required by the Prison Litigation Reform Act ("PLRA," 42 U.S.C. § 1997e), exhaust his administrative remedies before filing suit.

After a hearing, Judge Williams found Plaintiff failed to exhaust his remedies as it pertains to this lawsuit. The matter boiled down to a factual finding: Defendant adduced evidence that—while Plaintiff had filed administrative grievances regarding the demeaning strip searches at the heart of his other case— Plaintiff did not file any grievances that would suffice to exhaust administrative remedies here. Plaintiff brought forth a supposedly relevant grievance from November 2013 (over 1.5 years after the alleged retaliation in this case, and about six months after this case was filed), and averred he had attempted to grieve in April 2012, but had been thwarted. Judge Williams found Defendant's evidence convincing, Plaintiff's evidence lacking, and recommended that the undersigned grant Defendant's dispositive motion.

Plaintiff filed a timely objection to the R&R, Defendant responded, and Plaintiff filed a reply. Plaintiff's reply does not comport with the Local Rules' requirement that *only* exceptional circumstances (and a statement explaining those circumstances) warrant a reply brief, so the reply (Doc. 67) is STRICKEN from the docket. The Court has thoroughly reviewed the record and controlling caselaw, and ADOPTS Judge Williams' R&R in its entirety, as follows.

## LEGAL STANDARDS

When a party timely objects to a magistrate judge's R&R, the district court—giving deference to the magistrate judge's findings of fact and credibility determinations as noted below—must undertake *de novo* review of the portions to which an objection has been made. 28 U.S.C. § 636(b)(1)(C). The reviewing judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b).

As an inmate, Plaintiff's lawsuit is governed by the PLRA, which requires a prisoner to exhaust his administrative remedies before filing suit. 42 U.S.C. § 1997e. In Illinois, the grievance process requires a prisoner to speak with his counselor, file a written grievance, then appeal that grievance through the institutional and state levels. 20 Ill. Admin. Code §§ 504.810–850. Though the Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement, *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), the PLRA's plain language is clear: an inmate must exhaust only those administrative remedies that are available to him, 42 U.S.C. § 1997e(a). Administrative remedies become "unavailable" when prison officials fail to respond to a properly filed inmate grievance, *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002), or—as Plaintiff claims here—when prison employees thwart a prisoner from exhausting, *Dole*, 438 F.3d at 809.

In *Pavey v. Conley* (*Pavey I*), the Seventh Circuit set forth the procedures for tackling the exhaustion issue. The first step is for the judge to conduct "a hearing

on exhaustion and [permit] whatever discovery relating to exhaustion he deems appropriate." *Pavey I*, 544 F.3d 739, 742 (7th Cir. 2008). And in holding that hearing, a court may credit the testimony of one witness over another. *See Pavey v. Conley (Pavey II)*, 663 F.3d 899, 904 (7th Cir. 2011) (affirming the factual findings of a magistrate judge, whose R&R included factual findings that Plaintiff was not credible). In other words, and unlike other summary judgment motions, the very purpose of *Pavey I* is to allow a judge to resolve swearing contests between litigants. *See Pavey I*, 544 F.3d at 741 ("Juries decide cases, not issues of judicial traffic control.").

Further, while the Court undertakes *de novo* review of the R&R portions to which a party objects, the Court will give great deference to Judge Williams' factual findings and credibility determinations. *Pavey II*, 663 F.3d at 904. *See also Towns v. Holton*, 346 F.App'x 97, 100 (7th Cir. 2009) (great deference to credibility findings based on demeanor); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("[D]*e novo determination* is not the same as a *de novo hearing*. The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations.") (emphasis added).

## ANALYSIS

This case is a simple one. Judge Williams weighed the documentary evidence (Plaintiff did not wish to testify at the hearing) and concluded Defendant carried her burden of showing Plaintiff failed to exhaust.

Plaintiff maintains—both before Judge Williams and now—that he attempted to file a grievance against Defendant the day after she wrote him a false disciplinary ticket, but that somehow Mark Hartman (Plaintiff's counselor, who received the ticket by hand while Plaintiff was in segregation) destroyed it. According to Plaintiff's version of events, he was released from segregation several weeks later and and Defendant approached him to say "you don't want to fuck with me." Those events happened in April and May 2012.

In November 2013—over six months after this suit was filed and over 1.5 years after the first purported attempt to grieve—Plaintiff *did* file a grievance regarding the false disciplinary ticket, and explains his tardiness thusly:

> This grievance is finally written on the false I.D.R. (disciplinary report) of 4/26/2012. I am so late with filing this grievance because I was threaten[ed] by this Dietary Supervisor Ms. Chandler, after I was released from seg with these words "you don't want to fuck with me" and I feared further retaliation and segreagation and depr[i]vation of my constitutional rights and privileges…

(Doc. 46-2, 1). The November 2013 grievance factored into Judge Williams' analysis, along Plaintiff's cumulative counseling summary. That summary indicated:

- Plaintiff's counselor *did* meet with Plaintiff on April 27, 2012, but did not give him a grievance form or receive one from him;

- On May 4, 2012, Plaintiff's counselor *did* receive a grievance. But that grievance pertained to improper strip searches, *not* Defendant's retaliatory conduct. Plaintiff's counselor noted "grievance received."

- Plaintiff inquired about the status of his May 4 grievance in July 2012.

5

The summary did *not* reflect any followups to any April 2012 grievance, or to any grievances regarding Defendant's conduct.

This week, the Seventh Circuit Court of Appeals commented on the suspicion raised when a prisoner successfully exhausts some claims but not others. "The fact that [the prisoner] was able to exhaust two of his claims offers a reason to reject his claim that he was prevented from exhausting the other six." *Wagoner v. Lemmon*, --- F.3d ----, 2015 WL 449967, at *4 (7th Cir. Feb. 4, 2015). Here, as in that case, there is a clear documentary trail showing Plaintiff was actively pursuing grievances about some events, but *not* the events that form the basis of this case. Further, the November 2013 grievance—filed far too late to be considered a basis for exhaustion—is inconsistent with the notion he filed an April 2012 grievance. Plaintiff's statement that he was "finally" (not "again") grieving Defendant's retaliation because she threatened him aligns with the notion that November 2013 was his *first* attempt.[2] The undersigned agrees wholeheartedly with Judge Williams' analysis—that the November 2013 grievance was a post-Complaint attempt to fulfill the PLRA's exhaustion requirement, and that it sheds light on the fact that he had *not* attempted to exhaust before filing suit.

## CONCLUSION

The PLRA's exhaustion requirement is categorical. If an inmate has remedies available to him, he must exhaust them *before* filing suit. Plaintiff's

---

[2] Plaintiff's version of events also depends on his being far more afraid of a dietary manager who had cussed at him than he was of four correctional officers who repeatedly subjected him to demeaning strip searches, but against whom he still pursued administrative grievances. That is not to say that dietary managers are *per se* less frightening than prison guards, but in this case his clear paper trail against officers who physically violated him casts doubt on Plaintiff's story.

November 2013 grievance postdates the filing of this lawsuit, and the undersigned ADOPTS (Doc. 61) Judge Williams' findings of fact and conclusions of law, and HOLDS Plaintiff was not thwarted in attempts to file a grievance against Defendant. Defendant's Motion for Summary Judgment (Doc. 45) is GRANTED, and this case is DISMISSED without prejudice due to Plaintiff's failure to exhaust his administrative remedies.

All settings are cancelled, all other motions are moot, and the Clerk is DIRECTED to CLOSE this case.

**IT IS SO ORDERED.**
**DATE: February 6, 2015**   s/ *Michael J. Reagan*
　　　　　　　　　　　　　　　MICHAEL J. REAGAN
　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT